UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN SHAPIRO,

                            Plaintiff,

                  -v.-

CITY OF NEW YORK ERIC ADAM
MAYOR, NEW YORK POLICE
DEPARTMENT, DCAS, OFFICE OF
LABOR RELATION,

                            Defendants.

22 Civ. 2603 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his rights under the First Amendment to the United States Constitution by requiring him, as a New York City employee, to comply with the COVID-19 vaccine mandate for City workers.  Plaintiff names as Defendants New York City Mayor Eric Adams, the New York City Police Department (NYPD), the New York City Department of Citywide Administrative Services (DCAS), and the New York City Office of Labor Relations (OLR).

By letter dated April 1, 2022, Plaintiff informed the Court that he did not serve Defendants properly and required new summonses.  (Dkt. #2).  He also inquired whether he could withdraw this action "and refile it without losing [his] filing fee or having to pay additional fees."  (*Id.*).

As set forth below, the Court (i) dismisses Defendants NYPD, DCAS, and OLR; (ii) directs the Clerk of Court to add the City of New Yok as a defendant; and (iii) directs the Clerk of Court to issue summonses as to the City of New

York and Mayor Adams.  The Court also advises Plaintiff that should he move to withdraw this action, the Clerk of Court will not refund the filing fee.

## DISCUSSION

### A.    Applicable Law

A district court may dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald* v. *First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay* v. *INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam)), or that the court lacks subject matter jurisdiction, *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler* v. *County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).  The Court is obligated, however, to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

### B.    The Court Dismisses Plaintiff's Claims Asserted Against New York City Agencies and Adds the City of New York As a Party

Plaintiff's claims against the NYPD, DCAS, and OLR must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (observing that "the NYPD is a non-suable agency of the City"); *see also Emerson* v. *City of New York,* 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD, DCAS, and OLR with the City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

## C.  The Court Directs the Clerk of Court to Issue Summonses As to the City of New York and Mayor Eric Adams

The Clerk of Court is directed to issue summonses as to Defendants City of New York and Mayor Eric Adams.  Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses.  If Plaintiff has not either served Defendants or requested an extension of time to do so within those 90 days, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's claims against the NYPD, DCAS, and OLR.

The Clerk of Court is directed to add the City of New York as a Defendant, and to correct the spelling of Mayor Eric Adams's name on the docket.

The Clerk of Court is further directed to issue summonses as to Defendants City of New York and Mayor Eric Adams.

Lastly, the Clerk of Court is directed to mail a copy of this Order to Plaintiff's address of record.

SO ORDERED.

Dated:   April 5, 2022
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge